UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADOLFO ALVIRDE, JOSE EDUARDO ALVIRDE, OCTAVIO OVIEDO, SERGIO MORENO, FRANCISCO PONTON GONZALES, OSWALDO DIAZ, JAVIER OLIVARES, VICTOR HUGO ARTEAGA CASTILLO, and ANTONIO RANGEL, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>        v.<br><br>FRESH FARMS INTERNATIONAL MARKET, INC., NILES GRAND LLC, DEAN SVIGOS, and MIKE SVIGOS,<br><br>        Defendants. | No. 14 CV 715<br><br>Judge Manish S. Shah |

## ORDER

Plaintiffs' motion to conditionally certify a collective action and issue notice pursuant to 29 U.S.C. § 216(b) [41] is granted. Defendants' motion to strike plaintiffs' reply and declarations [51] is denied. Defendants' objection to the proposed notice is sustained in part. The parties shall confer on a proposed notice and submit a revised proposal to the court by 01/16/15.

## STATEMENT

Defendants operate a grocery store at 5740 W. Touhy Avenue, in Niles, Illinois, where plaintiffs worked as "stockers." In Count I of their second-amended complaint, plaintiffs allege that defendants violated the Fair Labor Standards Act by failing to pay plaintiffs and similarly situated employees one-and-one-half times their regular pay rate for time worked in excess of 40 hours in any individual workweek. Plaintiffs move to conditionally certify this case as a collective action, so plaintiffs can represent all similarly situated employees who opt in. *See* 29 U.S.C. § 216(b). District courts have wide discretion in administering collective actions. *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010) (citing *Hoffmann-La*

*Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)). To facilitate the administration of such cases, district courts can conditionally certify a collective action, permitting potential opt-in plaintiffs to be notified of the pending lawsuit and their eligibility to opt in.

Most district courts in this district administer FLSA collective actions using a two-step process:

> First, the plaintiff is required to make only a modest factual showing that other potential class members are similarly situated. In other words, the court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. If the plaintiff meets this light burden, the court conditionally certifies the class, and notice is sent to potential class members, giving them an opportunity to opt into the suit. At this stage, the court does not resolve factual disputes or decide substantive issues going to the merits. Second, after the parties have conducted discovery and the opt in process is completed, the court reaches the merits of the case and re-evaluates certification under a more rigorous standard.

*Larsen v. Clearchoice Mobility, Inc.*, 2011 U.S. Dist. LEXIS 80899, *3–4 (N.D. Ill. July 25, 2011) (internal citations and marks omitted); *see also Jirak v. Abbott Labs., Inc.*, 566 F.Supp.2d 845, 847 (N.D. Ill. 2008).

At the second stage, certification is akin to the familiar Rule 23 class-certification standard. *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *Tamas v. Family Video Movie Club, Inc.*, 2013 U.S. Dist. LEXIS 114130, *12 (N.D. Ill. Aug. 13, 2013). But at the first stage, to justify notice to potential opt-ins of an FLSA collective action, plaintiffs need only make a modest factual showing sufficient to demonstrate that they and similarly situated others were victims of a common policy or plan that violated the law. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

Plaintiffs have carried their modest burden. Plaintiffs submitted nine declarations (from the nine named plaintiffs), all swearing that the declarant worked for defendants, frequently in excess of 40 hours in an individual workweek, and was not paid at the required overtime rate. [49-1] through [49-19]. The declarations also swear that "[d]efendants allowed employees throughout the store to work overtime hours, but compensated employees for overtime hours worked at the same rate as regular hours." [49-1] through [49-19]. Also, in their complaint, plaintiffs note that defendants previously settled a similar lawsuit, on a classwide basis, where the class

definition encompassed all hourly workers (it was not narrowed based on particular job responsibilities). [34] ¶¶ 31–33; *see Ochoa et al v. Fresh Farms Int'l Market, Inc. et al.*, No. 11-cv-02229 (N.D. Ill. July 10, 2012) (final settlement approval order). That showing is sufficient to authorize sending notice to potential opt-in plaintiffs. *See, e.g.*, *Jimenez v. Chi. Soccer, Inc.*, 2014 U.S. Dist. LEXIS 8887, *9 (N.D. Ill. Jan. 24, 2014) (declarations from named plaintiffs and an excerpt from the defendant-employer's manual were sufficient to authorize notice); *DeMarco v. N.W. Mem'l Healthcare*, 2011 U.S. Dist. LEXIS 88651, *8 (N.D. Ill. Aug. 10, 2011) (plaintiff's declaration, plus evidence that relevant issue was discussed at staff meeting, was sufficient to authorize notice); *Larsen*, 2011 U.S. Dist. LEXIS 80899, *6–7 (N.D. Ill. July 25, 2011) (declarations from the named plaintiffs were sufficient to authorize notice).[1]

Defendants argue that the nine plaintiffs lack the personal knowledge required to support their sworn statements. Specifically, the final paragraph of each declaration states that the declarant "was similarly situated with all non-exempt employees who were not paid an overtime rate for all hours worked in excess of forty-hours in a single workweek." Defendants complain that "plaintiffs fail to explain how it is they know that all hourly rated employees were not paid at their overtime rate when they worked in excess of 40 hours per week." [51] at 6. But the declarations need not be read to swear that *all* hourly workers were denied overtime pay. Instead, by swearing that the duties of stockers are not meaningfully different from the duties of other hourly workers,[2] the declarations can be read to swear that any hourly worker who *was* denied overtime pay is otherwise similarly situated with the named plaintiffs. That is sufficient at this stage. Combined with the nine plaintiffs' own claims, those of the eight other stockers, and the existence of a broad settlement class in the prior lawsuit, plaintiffs have made a modest showing that some similarly situated workers may exist, which justifies sending notice. Once any consent notices are received, the parties will brief, and I will decide, whether any additional plaintiff is similarly situated to the currently named plaintiffs.

---

[1] In their brief, and in an attached declaration, defendants essentially concede that 8 other "stockers" are at least arguably similarly situated to the named plaintiffs (who also worked as "stockers"). Defendants say that in April 2014, the named plaintiffs and those 8 other stockers were paid "past due overtime that had accrued since 2011." [47] at 9 n.5; [47-1] ¶¶ 5–6. Defendants argue that if this case proceeds as a collective action, it should be limited to stockers. [47] at 12–13. But defendants' knowledge of similarly situated stockers (and implied lack of knowledge of any other similarly situated employees) is insufficient to defeat the motion to authorize notice. If defendants' failure to pay overtime rates was limited to stockers, that will be addressed after discovery and the close of the opt-in period.

[2] Given the nature of the business (a single grocery store), plaintiffs have the requisite personal knowledge concerning the duties of other hourly employees.

Defendants have objected to plaintiffs' proposed notice. Defendants argue that the notice should not contain language concerning any "parent, subsidiary, or affiliated companies . . . ." [47] at 12. That objection is well-taken, and in their reply brief, plaintiffs agreed to remove that language. [49] at 13. Further, the notice should reflect the fact that plaintiffs seek to represent only those employees who worked at the specific store located at 5740 W. Touhy Avenue, in Niles, Illinois. [49] at 2, 7. Defendants' other objections are less persuasive. Defendants have not offered a good reason to limit the language concerning immigration status to a single appearance, nor have they offered a good reason to omit altogether the language concerning impermissible retaliation. *See* [47] at 11. And defendants are wrong when they argue that the proposed notice lacked any bold, capitalized language stating that the court has not yet taken any position on the merits. [47] at 10–11. That language appears on page 4. [41-1] at 4. Finally, defendants' argument that only "Niles Grand, LLC" should appear, rather than "Fresh Farms International Market, Inc.," is unpersuasive. *See* [47] at 12. Fresh Farms International Market, Inc. was a going concern during the limitations period, and all parties agree that the store is colloquially known as "Fresh Farms." *See* [47-1] ¶ 2. The purpose of the notice would not be well-served if it used only a corporate name that is unfamiliar to employees.

The parties are directed to meet and confer concerning the form of the notice. *See* [49] at 9–10 (noting that the parties have not yet conferred regarding the notice); *Demarco*, 2011 U.S. Dist. LEXIS 88651 at *11 ("The most efficient course at this point is to have the parties meet and confer in an effort to formulate an agreed notice and an agreed means of providing notice to the conditional class.").

Plaintiffs' motion to authorize notice pursuant to 29 U.S.C. § 216(b) [41] is granted. Defendants must provide plaintiffs' attorneys with the names and home addresses for all persons who worked for defendants, at the Niles store, in an hourly position, at any time in the past three years. Concerning the form of notice, the parties should submit their joint proposal, or competing proposals, by January 16, 2015.

ENTER:

Date: 12/19/14

Manish S. Shah
U.S. District Judge

4